943 A.2d 199

NIESCHMIDT LAW OFFICE, PLAINTIFF–APPELLANT v. DEBORAH LEAMANN AND DEBORAH LEAMANN INTERIORS, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 3, 2008—Decided March 24, 2008.

Before Judges LINTNER, GRAVES and SABATINO.

*Nieschmidt Law Office,* appellant pro se (*Michael H. Nieschmidt,* on the brief).

*Pellettieri, Rabstein & Altman,* attorneys for respondents (*W. Barry Rank,* on the brief).

The opinion of the court was delivered by

LINTNER, P.J.A.D.

Plaintiff, Nieschmidt Law Office, appeals from a Special Civil Part Order dismissing its complaint for unpaid legal fees allegedly owed to it for failure to give thirty-day Pre–Action Notice pursuant to *Rule* 1:20A–6. The dismissal was a consequence of a motion for reconsideration of a prior order denying defendant

Deborah Leamann Interiors' original motion to dismiss.[1] On appeal, relying on the decision in *Chalom v. Benesh*, 234 *N.J.Super.* 248, 560 *A.*2d 746 (Law Div.1989), plaintiff contends that defendant should be estopped from invoking *Rule* 1:20A–6 because defendant never intended to participate in fee arbitration. The factual circumstances presented in this case convince us that plaintiff's failure to give the requisite timely pre-trial notice under the rule prohibited the initiation of this litigation. Accordingly, we affirm the order of dismissal.

Although the factual history is somewhat involved, the undisputed facts relevant to our decision are summarized as follows. Plaintiff represented defendant in two concurrent lawsuits pending at substantially the same time: one in Pennsylvania and the other in New Jersey. The New Jersey suit was brought by plaintiff on behalf of defendant to collect fees allegedly owed for interior design work. The Pennsylvania suit was brought by defendant's customer and defended by plaintiff. Although filed later, the Pennsylvania suit was reached for trial first. Plaintiff did not appear at the trial call in Pennsylvania because of an appearance in court in an unrelated matter in New Jersey. Despite notice from plaintiff of its conflicting New Jersey court appearance, the Pennsylvania court went forward with the trial and entered judgment against defendant.

As a result, defendant retained a different attorney in the New Jersey action. That attorney notified plaintiff that he did not represent defendant in the Pennsylvania suit and it was plaintiff's responsibility to appeal the judgment entered against defendant. The Pennsylvania judgment was eventually reversed on appeal through the efforts of plaintiff. On July 20, 1999, plaintiff sent defendant a letter enclosing the decision reversing the judgment and indicating that it would request to be relieved as counsel in

---

[1] Plaintiff also named Deborah Leamann individually as a defendant. However, because plaintiff represented the business entity only, Deborah Leamann Interiors, in the litigation for which counsel fees are sought, we refer to defendant in her business capacity.

the Pennsylvania action if defendant did not retain new counsel. Plaintiff billed defendant for the services rendered. The last item invoiced on plaintiff's bill was a telephone call on November 5, 1999. Plaintiff mailed the invoices to defendant's business address in Pennington.

Plaintiff waited until October 11, 2005, to file its complaint for services rendered. On that date, plaintiff also prepared and allegedly sent notice advising defendant that it may request fee arbitration. The notice indicates that it was sent by regular and certified mail to a residential address in Ewing, where Leamann had not lived for three years, rather than her business address.[2] The complaint was eventually served on defendant at the Pennington address on January 26, 2007. Defendant received notice respecting arbitration for the first time on January 26, 2007.

Defendant answered the complaint on March 8, 2007. The answer pled the statute of limitations and failure to comply with *Rule* 1:20A–6 as affirmative defenses. Defendant's motion to dismiss the complaint was initially denied by the judge on March 15, 2007.[3] Defendant's motion for reconsideration was heard and decided by the judge on April 30, 2007.

Plaintiff argued before the motion judge that because the statute of limitations was going to run within thirty days of October 11, 2005, it did not have the requisite time to comply with *Rule* 1:20A–6. Plaintiff also maintained that defendant should be estopped from relying on plaintiff's failure to send the Pre–Action Notice because defendant's intent was to defend the suit instead of opting for fee arbitration. Noting that plaintiff had not addressed the purported October 11, 2005, notice to defendant's business but rather a residence from which defendant had "moved many many

---

[2] The record does not include a copy of a certified mail receipt or a return envelope indicating that Leamann no longer lived at the location in Ewing.

[3] A transcript of that motion is not provided in the appellate appendix.

years before," the motion judge found that it was plaintiff who put the parties "in this dilemma."

*Rule* 1:20A–2 gives the District Fee Committee jurisdiction to determine fee disputes between clients and attorneys by final and binding arbitration. *Rule* 1:20A–6 provides that "[n]o lawsuit to recover a fee may be filed until expiration of the 30 day period . . . giving Pre–Action Notice to a client . . . advis[ing] the client of the right to request fee arbitration." The mandated notice "shall be given in writing, which shall be sent by certified mail and regular mail to the last known address of the client."

On appeal, plaintiff repeats both arguments raised in the Law Division. Plaintiff suggests that we should be guided by the decision in *Chalom* and reverse the order of dismissal. In *Chalom*, the plaintiff served her complaint for counsel fees on the defendants in November 1988. *Chalom, supra,* 234 *N.J.Super.* at 255, 560 *A.*2d 746. In January 1989, defense counsel requested the plaintiff sign a stipulation extending time. *Id.* at 256, 560 *A.*2d 746. At the same time, defense counsel advised the plaintiff that her complaint did not comply with *Rule* 1:20A–6. *Ibid.* The defense, however, never filed an answer and default was entered in February 1989. *Id.* at 253, 560 *A.*2d 746. The defendants did not seek to vacate the default judgment until a writ of execution was issued and levy attempted. *Id.* at 253–54, 560 *A.*2d 746.

The court in *Chalom* found that the defendants were estopped from claiming that the plaintiff's pleadings were defective as a basis for vacating the default judgment because they never intended to pursue arbitration. *Id.* at 260, 560 *A.*2d 746. However, in doing so, the *Chalom* court recognized that "[t]he commendable purpose of the rule must not be lost by the fortuitousness of" the defendants' ultimate decision to forego arbitration and defend the lawsuit. *Id.* at 261, 560 *A.*2d 746. It acknowledged that "it is the court's responsibility to ensure fidelity to the rules," and that the purpose of Pre–Action Notice would be defeated if attorneys were allowed to ignore the pre-notice procedure and escape the penalty of dismissal if the former client would ultimately decide to defend

the lawsuit rather than seek arbitration. *Id.* at 260–61, 560 *A.*2d 746.

Unlike the defendants in *Chalom,* defendant here did not delay in seeking its remedy to dismiss the complaint by failing to respond until the plaintiff attempted to levy on a default judgment. The judge correctly noted that it was plaintiff instead who delayed in filing its complaint until the statute of limitations made it impossible to give Pre–Action Notice within the period of time mandated by the rule. Moreover, plaintiff's purported notice was not sent to the client's last known address. The interiors business, not the individual, was plaintiff's client. The rule required plaintiff to send the notice to the Pennington address. Indeed, notice was not received at the Pennington address until more than two years after the filing of the complaint. To permit a plaintiff to avoid the Pre–Action Notice rule simply because a defendant opts not to participate in fee arbitration would render the rule nugatory. The circumstances here do not warrant our intervention.

Affirmed.